[696 NYS2d 897]

In the Matter of LAWRENCE J. GROSKIN, an Attorney, Resignor.

Second Department, November 1, 1999

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains, for Grievance Committee for the Ninth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Lawrence J. Groskin has submitted an affidavit, dated June 28, 1999, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Groskin was admitted to the practice of law at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 21, 1973.

Mr. Groskin avers that his resignation is submitted voluntarily, free from coercion and duress, and with a full awareness of its implications. He is aware that he is the subject of a pending complaint of professional misconduct alleging that he failed to provide information regarding the balance in an escrow account and where it was invested. Mr. Groskin is further aware that the Grievance Committee is investigating certain payments made by him from the escrow account.

At the request of Grievance Counsel, Mr. Groskin appeared at the Grievance Committee's office on December 22, 1998 and May 5, 1999, and testified under oath with respect to the complaint against him. During the course of his testimony, Mr. Groskin admitted that he withdrew clients' funds from their trust account without proper authorization, commingled personal funds with client escrow funds, failed to maintain required bookkeeping records, and wrote checks payable to cash from his escrow account.

Mr. Groskin acknowledges that he could not successfully defend himself on the merits against charges predicated upon the aforesaid allegations.

Mr. Groskin is aware that the Court, in any order permitting him to resign, could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied, or to reimburse the Lawyers' Fund for Client Protection for same. He is aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports acceptance of Mr. Groskin's proffered resignation as in the best interest of the public.

Inasmuch as the proffered resignation complies with all appropriate Court rules, it is accepted and Mr. Groskin is disbarred, and his name stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., S. MILLER, O'BRIEN, RITTER and SCHMIDT, JJ., concur.

Ordered that the resignation of Lawrence J. Groskin is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Lawrence J. Groskin is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Lawrence J. Groskin shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Lawrence J. Groskin is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.